BIRCH, Circuit Judge,
dissenting:
I respectfully dissent. The majority’s decision rests on the finding that the FEC’s interest in informing the public satisfies the overriding interest requirement of exacting scrutiny. I cannot agree.
The majority addresses the whole of 2 U.S.C. § 441d(a), concluding that candidate authorization disclosure is required in three situations: (1) where the candidate pays for and authorizes the communication, (2) where a candidate authorizes a communication, but “other persons” pay for the communication, and (3) where an independent party pays for the communication without authorization from the candidate. Since Public Citizen functioned as an independent party, I address only § 441d(a)(3). I find that, where an independent party communicates a political message, the interest in informing the public of candidate authorization does not constitute an overriding interest sufficient to justify infringement of First Amendment rights. Since the FEC has not met its burden, I would hold § 441d(a)(3) unconstitutional.
The FEC argues that § 441d(a) provides the public with important information about the relationship between candidates and their financial support by individuals or organizations. The FEC cites Buckley v. Valeo for the proposition that an authorization statement provides information to voters that aids them in evaluating a candidate’s associations and possible influences. These arguments collapse, however, because the agency fails to distinguish between the regulation of coordinated political activity and the regulation of independent political advocacy.
The Supreme Court has expressly found that the rationale of providing the public with information does not apply to independent expenditures.
[In Buckley,] we stressed the importance of providing “the electorate with information ‘as to where political campaign money comes from and how it is spent by the candidate.’ ” We observed that the “sources of a candidate’s financial support also alert the voter to the interests to which a candidate is most likely to be responsive and thus facilitate predictions of future performance in of *1292 fice.” Those comments concerned contributions to the candidate or expenditures authorized by the candidate or his responsible agent. They had no reference to the kind of independent activity pursued by Mrs. McIntyre.
McIntyre v. Ohio Elections Com’n, 514 U.S. 334, 354, 115 S.Ct. 1511, 1523, 131 L.Ed.2d 426 (1995) (quoting Buckley, 424 U.S. 1, 66, 67, 96 S.Ct. 612, 657) (citations omitted). Like Mrs. McIntyre, Public Citizen’s political activity was independent.
Since the rationale of providing the public with information does not apply to independent expenditures, § 441d(a)(3)’s intrusion into the speaker’s First Amendment rights is unjustified. “The simple interest in providing voters with additional relevant information does not justify a state requirement that [an author] make statements or disclosures she would otherwise omit.” Id. at 348, 115 S.Ct. at 1520. The McIntyre Court found that the speaker’s name was “additional relevant information.” Surely whether an independent speaker has coordinated with a campaign can be nothing more.
The majority sidesteps this argument by claiming a distinction between the governmental interest at stake in McIntyre with the governmental interest at stake here. The majority finds that the disclosure requirement of § 441d(a)(3) separates the message of a candidate from the message of an independent speaker. In response, I urge the following:
Don’t underestimate the common man. People are intelligent enough to evaluate the source of an anonymous writing ... They can evaluate its anonymity along with its message, as long as they are permitted, as they must be, to read that message. And then, once they have done so, it is for them to decide what is “responsible”, what is valuable, and what is truth.
People v. Duryea, 76 Misc.2d 948, 351 N.Y.S.2d 978, 996 (1974). Voters are already provided with information regarding the funding for each communication; they should be able to construe the absence of an authorization as they see fit.
The interest in informing the public is insufficient to justify an authorization statement requirement for independent expenditures. In the absence of an overriding interest, I would hold that the authorization disclosure requirement of § 441d(a)(3) impermissibly infringes on Public Citizen’s right to free speech as guaranteed by the First Amendment.